IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAIICHI SANKYO, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 10-32-NLH (AMD) |
| ) | CONSOLIDATED |
| v. ) | **REDACTED** |
| ) | **PUBLIC VERSION** |
| IMPAX LABORATORIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL RULE 30(b)(6) DEPOSITION TESTIMONY FROM DAIICHI SANKYO, INC.**

RICHARDS, LAYTON & FINGER, P.A.

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Steven J. Fineman (#4025)
Fineman@rlf.com
One Rodney Square
920 North King Street
Wilmington, DE 19801

OF COUNSEL:

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
John L. North
Darcy L. Jones
Jonathan D. Olinger
1360 Peachtree Street, N.E., Suite 1150
Atlanta, GA 30309

Norman E.B. Minnear
David J. Galluzzo
1633 Broadway
New York, New York 10019

*Attorneys for Defendants Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Watson Laboratories, Inc. (NV)*

POTTER ANDERSON & CORROON LLP

Richard L. Horwitz (#2246)
rhorowitz@potteranderson.com
David E. Moore (#3983)
dmoore@potteranderson.com
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000

OF COUNSEL:

RAKOCZY MOLINO MAZZOCHI SIWIK
LLP
William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Tara M. Raghavan
6 West Hubbard Street, Suite 500
Chicago, IL 60654

*Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

RLF1 5359641v.2

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii
I. NATURE AND STAGE OF THE PROCEEDINGS ................................................ 1
II. SUMMARY OF THE ARGUMENT ........................................................................ 2
III. STATEMENT OF FACTS ........................................................................................ 3
IV. ARGUMENT ............................................................................................................. 6
    A. Overview .......................................................................................................... 6
    B. Daiichi Should Be Compelled to Provide Rule 30(b)(6) Testimony on Its Asserted Secondary Considerations of Non-Obviousness (Topic Nos. 16-18, 21-27, and 42) .......................................................................................... 8
    C. Daiichi Should Be Compelled to Provide Testimony on the Topic Related to Its New Drug Applications (Topic No. 33) .............................................. 9
    D. Daiichi Should Be Compelled to Provide Testimony on Topics Related to Research, Development, Testing, and Embodiments of the Asserted Claims (Topic Nos. 1-6, 10, 34-37, and 41) .............................................. 10
    E. Daiichi Should Be Compelled to Provide Testimony on Topics Related to Its Ownership and Interest in Patents-in-Suit (Topic Nos. 19, 32, and 34) ........ 12
    F. Daiichi Should be Compelled to Provide Testimony on Topics Related to Infringement (Topic Nos. 38 and 39) .......................................................... 12
    G. Daiichi Should be Compelled to Provide Testimony on the Identity and Authentication of Documents (Topic Nos. 29 and 31) .................................. 13
V. CONCLUSION ........................................................................................................ 13

## TABLE OF AUTHORITIES

**CASES** Page(s)

Ariad Pharms., Inc. v. Eli Lilly & Co.,
   598 F.3d 1336 (Fed. Cir. 2010)...........................................................................................11

Auto Techs. Int'l Inc. v. BMW of N. Am., Inc.,
   501 F.3d 1274 (Fed. Cir. 2007)...........................................................................................11

Ecolochem, Inc. v. Southern California Edison Co.,
   227 F.3d 1361 (Fed. Cir. 2000), cert. denied, 532 U.S. 974 (2001).......................................2

Graham v. John Deere Co. of Kansas City,
   383 U.S. 1 (1966)...................................................................................................................2

In re Kao,
   639 F.3d 1057 (Fed. Cir. 2011)...........................................................................................11

Int'l Gamco, Inc. v. Multimedia Games, Inc.,
   504 F.3d 1273 (Fed. Cir. 2007)...........................................................................................12

Jurimex Kommerz Transit G.m.b.H. v. Case Corp.,
   C.A. No. 00-083 JJF, 2005 U.S. Dist. LEXIS 2827 (D. Del. Feb. 18, 2005).........................8

Leonard v. Stemtech Health Sci., Inc.,
   269 F.R.D. 427 (D. Del. 2010) ..........................................................................................7, 8

Pacitti v. Macy's,
   193 F.3d 766 (3d Cir. 1999)..................................................................................................6

Penn Mutual Life Ins. Co. v. Rodney Reed 2006 Ins. Trust,
   C.A. No. 09-cv-0663, 2011 U.S. Dist. LEXIS 46825 (D. Del. Apr. 25, 2011).....................7

**RULES**

Fed. R. Civ. P. 26(b)(1).................................................................................................................6

Fed. R. Civ. P. 30(b)(6).........................................................................................................passim

Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") and Watson Laboratories, Inc. (NV), Watson Pharmaceuticals, Inc., and Watson Pharma, Inc. (collectively, "Watson") (collectively, "Defendants") respectfully submit this opening brief in support of their motion under Federal Rule of Civil Procedure 37(a) to compel Plaintiff Daiichi Sankyo, Inc. ("Daiichi") to provide testimony pursuant to Federal Rule of Civil Procedure 30(b)(6). The Court's intervention is necessary because Daiichi refuses to produce Rule 30(b)(6) witnesses on a large number of important and relevant topics, including ones where it possesses unique knowledge. Defendants respectfully request that the Court compel Daiichi to provide Rule 30(b)(6) testimony on the topics specified herein.

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Daiichi and Genzyme Corp. ("Genzyme") (collectively, "Plaintiffs") filed patent infringement actions against Lupin and Watson, among others,[1] beginning in January 2010 based on Defendants' Abbreviated New Drug Applications seeking FDA approval to market bioequivalent versions of the drug Welchol®. These cases are consolidated. (D.I. 91.)

Genzyme, which asserts ownership over the patents-in-suit,[2] and Daiichi, the alleged exclusive licensee and marketer of Welchol®, claim that Defendants' proposed ANDA products would infringe claims 24 and 25 of U.S. Patent Nos. 5,607,669 and claim 12 of U.S. Patent No. 5,693,675. Lupin and Watson maintain that these patent claims are not infringed and invalid.

---

[1] The claims against Impax Laboratories, Inc. ("Impax") and the Glenmark defendants were dismissed by stipulation. (D.I. 113, 133.)

[2] The patents-in-suit previously were assigned to GelTex, Genzyme's predecessor. As context requires, references to Genzyme herein may also refer to its predecessor GelTex.

1

Discovery in the consolidated action has been ongoing.[3] The parties exchanged contentions relating to the asserted infringement and invalidity of the patents-in-suit. (D.I. 99 (Defs.' Invalidity Contentions), D.I. 108 (Pls.' Infringement Contentions), D.I. 117 (Watson's Non-Infringement Contentions), D.I. 118 (Lupin's Non-Infringement Contentions), D.I. 119 (Pls.' Validity Contentions).) The deadline for the completion of fact discovery is September 27, 2011. (D.I. 166.)

## II.   SUMMARY OF THE ARGUMENT

1.   Lupin, along with former defendant Impax, served an initial Rule 30(b)(6) deposition notice in December 2010, and Defendants served a supplemental notice in August 2011 after Watson was sued and consolidated in this case. Defendants seek Rule 30(b)(6) testimony from Daiichi on topics typically requested in patent infringement cases and directly relevant to the particular claims and defenses asserted in this case including:   REDACTED

[4] Daiichi's interest in the patents; Defendants' alleged infringement; and, research and development into colesevelam. Until September 20, 2011, Daiichi refused to provide a single witness to testify about its corporate knowledge of a single topic requested by Defendants in their deposition notice. This included a refusal to provide deposition testimony regarding critical

---

[3] Lupin was first sued on July 30, 2010. (C.A. No. 10-644, D.I. 1.) Plaintiffs initiated their first suit against Watson in this matter on January 21, 2011. (C.A. No. 11-074, D.I. 1.)

[4] Secondary considerations include "indicia of obviousness or nonobviousness" that might be used "to give light to the circumstances surrounding the origin of the subject matter sought to be patented." See Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 17-18 (1966). Secondary considerations include commercial success, long-felt but unsolved need, the failure of others, whether the prior art teaches away from the invention, whether others have copied the invention, and whether the invention has received industry acclamation. See, e.g., id.; Ecolochem, Inc. v. Southern California Edison Co., 227 F.3d 1361 (Fed. Cir. 2000), cert. denied, 532 U.S. 974 (2001).

2

issues, including topics such as commercial success—an issue on which Daiichi has unique information as the marketer of the drug product at issue.

And when Daiichi finally did offer to produce a single Rule 30(b)(6) witness to testify, the offer was hollow and incomplete. In response to the entire Rule 30(b)(6) notice, Daiichi only has offered to provide its corporate testimony regarding the amount of Welchol® sales, its expenses (including "high level" advertising and promotion expenses), and the number of its sales representatives. This offer is not commensurate with the scope of the topics set forth in Defendants' deposition notice (and not even commensurate with the scope of relevant commercial success issues) nor with the issues relevant in the litigation.

It is unduly prejudicial to expect Defendants to proceed to trial without obtaining Rule 30(b)(6) testimony from Daiichi on topics directly relevant to the claims and defenses in this case. With respect to many of the topics, Daiichi likely has unique knowledge as the entity marketing the commercial products. And with respect to topics for which Daiichi claims that its co-Plaintiff Genzyme has superior knowledge, Daiichi should be compelled to provide a witness to testify to the extent of its knowledge.[5]

### III. STATEMENT OF FACTS

On December 28, 2010, Impax and Lupin served a Rule 30(b)(6) deposition notice on Plaintiffs requesting information covered in 32 topics relating to the claims and defenses in this

---

[5] Defendants twice offered to forgo Rule 30(b)(6) testimony on certain topics if Daiichi would represent that it had no knowledge of a topic apart from knowledge it derived from Genzyme, but Daiichi declined. (Sept. 15, 2011 letter from Minnear to Ashkenazi, attached as Ex. A; Sept. 20, 2011 letter from Ashkenazi to Minnear, attached as Ex. B.)

3

case. (D.I. 43, Ex. C.)[6] Daiichi was never deposed pursuant to the December 2010 notice of deposition.

In August 2011, after Impax's case was dismissed and Watson's was consolidated, Lupin and Watson filed a supplemental Rule 30(b)(6) notice on August 18, 2011 with 13 additional topics. (D.I. 129, Ex. D.) The 45 total topics contain standard requests for information typical for ANDA patent cases and were set forth in particularity in 45 separate topics to delineate specifically the information requested and allow Plaintiffs adequately to prepare their witness(es), for example by breaking down different segments of relevant research on the patent claims (e.g., Topics 33-37).

Daiichi responded to the notice for the first time on September 1, 2011, objecting to all of Defendants' topics and failing to indicate whether they would designate a witness as to any topic. (Sept. 1, 2011 Daiichi Sankyo's Objections and Responses to Defs.' Notice of Dep. to Daiichi Sankyo Inc. and Defs.' Supplemental Notice of Dep. to Daiichi Sankyo, Inc., Ex. E.) Defendants then inquired whether Daiichi intended to produce any witness and noted the hollowness of many of Daiichi's objections. (Sept. 7, 2011 letter from Waldrop to Ashkenazi, Ex. F.) Instead of responding on the merits regarding the objections, Daiichi responded by objecting that the topics were too numerous and purportedly all so flawed that Daiichi would not agree to produce a witness on any topic.

All of the other parties—Genzyme, Lupin, and Watson—designated witnesses to provide Rule 30(b)(6) testimony in this case. But as of September 20, 2011, and with one week remaining in the fact discovery period, Daiichi refused to identify a single witness to testify in response to Defendants' Rule 30(b)(6) deposition notice, despite the fact that Daiichi was in

---

[6] The exhibits cited herein as "Ex. ___" are attached to the Declaration of Darcy L. Jones, filed contemporaneously herewith.

4

possession of most of these topics since December 2010 and despite substantial efforts by Watson and Lupin to reach agreement with Daiichi on the topics. This included Daiichi's refusal to produce any witness on secondary considerations issues, including commercial success—

REDACTED

Defendants' efforts to reach compromise on these topics since receiving Daiichi's objections include several letters and two meet-and-confer telephone calls (one lasting an hour and a half) with Daiichi. (See, e.g., Aug. 23, 2011 e-mail from Minnear to Ashkenazi, Ex. G; Sept. 7, 2011 letter from Waldrop to Ashkenazi, Ex. F; Sept. 15, 2011 letter from Minnear to Ashkenazi, Ex. A; Sept. 19, 2011 letter from Minnear to Ashkenazi, Ex. H; Sept. 21, 2001 letter from Minnear to Ashkenazi, Exhibit L.)

After the first meet-and-confer attempt, Daiichi still would not agree to produce a witness on any topic. Defendants proposed as a trial that Daiichi select five of the Rule 30(b)(6) topics for the parties to discuss in detail to determine whether the parties' differences were so fundamental that no agreement could be reached even as to these five. Defendants also offered several limitations to all of their noticed deposition topics in an effort to reach agreement. (See, e.g., Ex. A.) Daiichi would not agree to provide any testimony whatsoever on any of the five topics, refused to make any proposals of its own, and expected Defendants to re-write the deposition topics to satisfy Daiichi's broad objections.

On the vast majority of topics, Daiichi has made no proposals of any testimony it would agree to provide. (Ex. B; see also Sept. 9, 2011 letter from Ashkenazi to Minnear and Raghavan, Ex. I; Sept. 16, 2011 letter from Ashkenazi to Minnear, Ex. J.) Only on commercial success has Daiichi agreed to produce any testimony, and its commercial success offer barely begins to scratch the surface of relevant testimony on the issue. Daiichi offered on September 20, 2011 to

5

provide a single witness to testify "regarding the sales of Welchol® in dollars, expenses in dollars (including high level advertising and promotion expenses), and the total number of sales representatives on an annual basis." (Ex. B at 5.) Defendants noted in their September 21, 2011 letter to Daiichi that the parties were at an impasse due to lack of counter-proposals from Daiichi, and Daiichi's response contained no new proposals.[7] (Sept. 21, 2011 e-mail from Ashkenazi to Minnear, Ex. M.)

Daiichi's refusal to provide Rule 30(b)(6) deposition discovery[8] deprives Defendants of Daiichi's testimony on critical issues. The parties have reached an impasse on these issues and, with fact discovery closing on September 27, 2011, Defendants are left with no other choice but to seek the Court's assistance in obtaining the Rule 30(b)(6) testimony set forth in their deposition notice and this motion.

## IV. ARGUMENT

### A. Overview.

Rule 26(b) provides that parties are entitled to broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); see also Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999) ("It is well recognized that the federal rules allow broad and liberal discovery."). Showing that discovery is relevant requires only that the requested information appears reasonably calculated to lead to the discovery of

---

[7] Daiichi's September 21, 2011 e-mail simply followed up on Defendants' September 19, 2011 suggestion that the parties meet and confer on September 20, 2011 if Daiichi was willing to produce witnesses on the Rule 30(B)(6) topics - a suggestion made by Defendants before receipt of Daiichi's September 20, 2011 letter. However, based on the position taken by Daiichi in its September 20, 2011 letter, it is clear that the parties had reached an impasse.

[8] Defendants have not noticed any Daiichi personnel for depositions in their individual capacities. Thus, this is the only notice of deposition served on Daiichi to date.

6

admissible evidence, although the requested material need not itself be admissible at trial. Fed. R. Civ. P. 26(b)(1).

Defendants' Rule 30(b)(6) deposition topics are tailored to seek information directly related to the parties' claims and defenses in this case. They cover Plaintiffs' infringement and validity claims REDACTED and information relating to the asserted claims of the patents-in-suit and ownership of those patents. These topics fall squarely within the ambit of relevant information discoverable under the Federal Rules.

Further, Rule 30(b)(6) provides that an organization receiving a Rule 30(b)(6) deposition notice "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . . The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

Defendants are entitled to take binding Rule 30(b)(6) testimony from Daiichi regarding these topics in addition to the written discovery or fact depositions Defendants may otherwise obtain in this case. Leonard v. Stemtech Health Sci., Inc., 269 F.R.D. 427, 428-29 (D. Del. 2010) (compelling Rule 30(b)(6) testimony in addition to written discovery relating to the same topics); Penn Mutual Life Ins. Co. v. Rodney Reed 2006 Ins. Trust, No. 09-cv-0663, 2011 U.S. Dist. LEXIS 46825, at *7-8 (D. Del. Apr. 25, 2011) (discussing the heightened duties of a Rule 30(b)(6) witness compared to a fact witness). Unlike a fact witness, "'[a] Rule 30(b)(6) designee is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access.'" Penn Mutual Life, 2011 U.S. Dist. LEXIS 46825, at *4 (citations omitted). "'[A] corollary to the corporation's duty to designate a Rule 30(b)(6) witness is that the corporation must prepare its

designee to be able to give binding answers on its behalf . . . [and] perform a reasonable inquiry for information that is noticed and reasonably available to it.'" Id. (citations omitted).

Defendants are entitled to receive information from deponents knowledgeable on the subject matter of the claims and defenses in this case, and to obtain Daiichi's knowledge about them. Where, as here, a party fails to designate a witness, the Court may compel 30(b)(6) testimony from it. See, e.g., Leonard, 269 F.R.D. at 428-29; Jurimex Kommerz Transit G.m.b.H. v. Case Corp., No. 00-083 JJF, 2005 U.S. Dist. LEXIS 2827, at *8-9 (D. Del. Feb. 18, 2005).

### B. Daiichi Should Be Compelled to Provide Rule 30(b)(6) Testimony on Its Asserted Secondary Considerations of Non-Obviousness (Topic Nos. 16-18, 21-27, and 42).

Defendants seek Daiichi's corporate knowledge of issues relating to secondary considerations of non-obviousness in Topic Nos. 16-18, 21-27, and 42 of their deposition notice. (Ex. D.)

These topics are plainly relevant to the issues in this case

REDACTED

As the marketer of Welchol®, Daiichi has unique information on these issues—

REDACTED    Daiichi's offer to provide a witness (the first Rule (30)(b)(6) witness it agreed to provide at all) to testify as to sales of Welchol®, expenses including "high level" advertising and promotion expenses, and the number of its sales representatives, ignores other topics Defendants should be allowed to discover. Daiichi still

8

refuses to provide any witness to speak to its marketing efforts generally, the factors influencing sales, its market projections, or any testimony on any other secondary considerations it asserts.

Daiichi's offer does not allow Defendants to explore, for example, whether Welchol® was a commercial disappointment because it missed sales expectations or whether the sales it has achieved are the result of factors other than the asserted claims, such as special promotional offers. At bottom, Daiichi REDACTED

REDACTED refuses to allow Defendants to elicit testimony that would speak to how the product was marketed or how it was expected to perform (or even whether Daiichi practices the asserted claims).

Daiichi REDACTED and should provide meaningful testimony about it, not simply a witness to only recite sales and expense figures. REDACTED

REDACTED Daiichi should not be allowed to withhold its corporate knowledge of these topics.

### C. Daiichi Should Be Compelled to Provide Testimony on the Topic Related to Its New Drug Applications (Topic No. 33).

Defendants seek Daiichi's corporate knowledge relating to its colesevelam New Drug Applications ("NDAs"), including amendments and supplements thereto, in Topic No. 33 of Defendants' deposition notice. (Ex. D.)

The NDAs are relevant to this ANDA case.

REDACTED

9

RLF1 5359641v. 2

REDACTED (Ex. K. at 5.) Moreover, Daiichi is the NDA holder for Welchol® and is uniquely qualified to answer questions about the NDAs—questions that can be addressed by no other party in this case.

Daiichi's primary objection to this topic appears to be purported overbreadth, despite the fact that there likely is someone at Daiichi who is ultimately responsible for its colesevelam NDAs. Rather than propose a reasonable compromise, Daiichi left it to Defendants to re-write their own topic. REDACTED

(Ex. A at 2.) Still, Plaintiffs refuse to provide testimony.

Daiichi also appears to argue with respect to the NDA topics and others that Defendants seek to take a contention deposition. (Ex. B at 3-4, 5-6.) Defendants have no intention of taking any contention depositions on these or any other topics. Instead, with respect to the NDA topics and others. REDACTED

Defendants do not seek to elicit binding contentions from Daiichi through deposition—on these topics or any others—but instead seek discovery of factual issues in dispute.

REDACTED and Daiichi should be compelled to provide its corporate knowledge of them in advance of trial.

10

### D. Daiichi Should Be Compelled to Provide Testimony on Topics Related to Research, Development, Testing, and Embodiments of the Asserted Claims (Topic Nos. 1-6, 10, 34-37, and 41).

In Topic Nos. 1-6, 10, 34-37, and 41 of their deposition notice, Defendants seek Daiichi's corporate knowledge relating to the research, development, and testing of colesevelam drug products, including embodiments thereof, undertaken by Daiichi or the inventors or others at Genzyme that led to the purported inventions at issue in this case. (Ex. D.)

These topics are relevant to the issues in this case, as they speak directly to testing and evaluation showing properties of embodiments of the claimed inventions, which are highly relevant to validity issues. These topics relate to how Daiichi describes what the invention is and how the inventors developed it—topics squarely within the ambit of the anticipation and obviousness inquiry under 35 U.S.C. §§ 102 and 103. And testimony on these topics is relevant to whether the applicant satisfied the enablement and written description requirements under 35 U.S.C. § 112. See Ariad Pharms., Inc. v. Eli Lilly & Co., 598 F.3d 1336, 1353-54 (Fed. Cir. 2010) (the written description requirement "ensure[s] that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's contribution[.]"); Auto Techs. Int'l Inc. v. BMW of N. Am., Inc., 501 F.3d 1274, 1285 (Fed. Cir. 2007) (finding that some embodiments of the asserted claim were inoperable and therefore invalid for lack of enablement).

Daiichi appears to object to these topics on the grounds that they are not limited in time and thus purportedly overbroad, yet Daiichi failed to propose any limitation. Again Defendants proposed limits on this topic focusing on two points in time of unquestionable relevance—first, the inventors' research and development of the inventions; and, second, Daiichi's development of its commercial product. Daiichi rejected this proposal and suggested no alternative limitation.

Whether Daiichi's commercial Welchol® product embodies the asserted patent claims is a required link for               REDACTED

11

Discovery on commercial embodiments is necessary to show the nexus required to link secondary considerations such as commercial success with the patent claims. In re Kao, 639 F.3d 1057, 1068 (Fed. Cir. 2011) ("'For objective evidence of secondary considerations to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the claimed invention.'") (citation omitted) (emphasis in original).

With respect to the work leading up to the inventions, Defendants suggested that Daiichi could make a binding representation that it has no knowledge other than Genzyme's, in which case there would be nothing to explore through Daiichi. (Ex. A at 1-2.) Defendants' offer is reasonable and necessary to prevent Daiichi from later claiming to have corporate knowledge of a topic for which it did not provide testimony and to avoid unfair surprise at trial. With respect to Daiichi's commercial work, it is free not to assert secondary considerations of non-obviousness. Daiichi is unwilling to take either option, and has refused to produce a witness.

These topics are relevant to the issues in this case, and Daiichi should not be allowed to withhold its corporate knowledge of them.

### E. Daiichi Should Be Compelled to Provide Testimony on Topics Related to Its Ownership and Interest in Patents-in-Suit (Topic Nos. 19, 32, and 34).

Defendants seek Daiichi's corporate knowledge relating to its ownership and interest in the patents-in-suit in Topic Nos. 19, 32, and 34 of their deposition notice. (Ex. D.)

Daiichi asserted that it is an exclusive licensee of the patents-in-suit. (See, e.g., Compl., No. 11-074, D.I. 1 ¶ 34; Compl., No. 11-345, D.I. 1 ¶ 33.) As such, Defendants should be able to obtain Daiichi's corporate knowledge regarding this issue, which is relevant to standing. See Int'l Gamco, Inc. v. Multimedia Games, Inc., 504 F.3d 1273, 1280 (Fed. Cir. 2007) (finding exclusive licensee lacked standing). Defendants should be permitted to investigate potentially dispositive allegations in the complaint.

12

### F. Daiichi Should be Compelled to Provide Testimony on Topics Related to Infringement (Topic Nos. 38 and 39).

In Topic Nos. 38 and 39 of their deposition notice, Defendants seek Daiichi's corporate knowledge relating to its allegations of alleged infringement by Defendants in this case. (Ex. D.)

Plaintiffs initiated these infringement suits, and served infringement contentions. (June 30, 2011 Pls.' Infringement Contentions, D.I. 108.) Thus, these topics are relevant to the issues in this case. Defendants should be allowed to probe Daiichi's corporate knowledge of the issues Daiichi has raised. Daiichi has no basis for withholding its corporate knowledge of these topics after filing suit based on them, and Daiichi should be compelled to provide Rule 30(b)(6) testimony on them.

### G. Daiichi Should be Compelled to Provide Testimony on the Identity and Authentication of Documents (Topic Nos. 29 and 31).

In Topic Nos. 29 and 31 of their deposition notice, Defendants seek testimony regarding the identity of any documents and things related to topics about which a witness testifies, and the authenticity of documents relevant to each such topic. (Ex. B.)

To the extent a corporate representative is produced on a specific topic, that witness should be expected to testify as to the identity of documents known to Daiichi regarding the topic on which he or she is testifying. And Defendants should be able to question a witness designated on a specific topic about the authenticity of documents relevant thereto. Such questions manifestly are proper Rules 30(b)(6) topics, and Daiichi should be compelled to provide testimony regarding them.

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to compel Rule 30(b)(6) deposition testimony from Daiichi Sankyo, Inc. on Topic Nos. 16-18, 21-27, and 42 (secondary considerations); Topic No. 33 (Daiichi's New Drug Applications for

13

colesevelam); Topic Nos. 1-6, 10, 34-37, and 41 (research, development, testing, and embodiments of the asserted patent claims); Topic Nos. 19, 32, and 34 (ownership and Daiichi's interest in the asserted patents); Topic Nos. 38 and 39 (factual information known to Daiichi regarding Defendants' alleged patent infringement); and, Topic Nos. 29 and 31 (the identity and authentication of documents).

| | |
|---|---|
| RICHARDS, LAYTON & FINGER, P.A. | POTTER ANDERSON & CORROON LLP |
| By: /s/ Steven J. Fineman<br>Frederick L. Cottrell, III (#2555)<br>Cottrell@rlf.com<br>Steven J. Fineman (#4025)<br>Fineman@rlf.com<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | By: /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>rhorowitz@potteranderson.com<br>David E. Moore (#3983)<br>dmoore@potteranderson.com<br>1313 North Market Street<br>Wilmington, DE 19801<br>(302) 984-6000 |
| OF COUNSEL: | OF COUNSEL: |
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>John L. North<br>Darcy L. Jones<br>Jonathan D. Olinger<br>1360 Peachtree Street, N.E., Suite 1150<br>Atlanta, GA 30309<br><br>Norman E.B. Minnear<br>David J. Galluzzo<br>1633 Broadway<br>New York, New York 10019<br><br>*Attorneys for Defendants Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Watson Laboratories, Inc. (NV)*<br><br>Dated: September 22, 2011 | RAKOCZY MOLINO MAZZOCHI SIWIK LLP<br>William A. Rakoczy<br>Paul J. Molino<br>Deanne M. Mazzochi<br>Tara M. Raghavan<br>6 West Hubbard Street, Suite 500<br>Chicago, IL 60654<br><br>*Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.* |

14

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2011, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served by electronic mail:

Jack B. Blumenfeld, Esquire
Rodger D. Smith, II, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

Mary Matterer, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306

I hereby certify that on September 22, 2011, I have sent by electronic mail, the foregoing document to the following non-registered participants:

Joseph M. O'Malley, Jr., Esquire
Bruce M. Wexler, Esquire
Preston K. Ratliff II, Esquire
Isaac S. Ashkenazi, Esquire
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022

Scott K. Reed, Esquire
Filko Prugo, Esquire
Donald J. Curry, Esquire
Brian D. O'Reilly, Esquire
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, NY 10104

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Fineman@rlf.com