IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAIICHI SANKYO, INC. and GENZYME CORPORATION, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>IMPAX LABORATORIES, INC., et al. )<br>)<br>Defendants. ) | C.A. No. 10-32-NLH-AMD<br>(Consolidated)<br><br>**PUBLIC VERSION** |

**LUPIN'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY OF
LUPIN'S PRODUCT SAMPLES AND RELATED DOCUMENTS**

OF COUNSEL:

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Tara Raghavan
Theodore J. Chiacchio
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
Tel: (312) 222-6301

Dated: October 14, 2011
Public Version Dated: October 18, 2011
1031290 / 35929

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

NATURE AND STAGE OF THE LITIGATION ........................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................... 2

STATEMENT OF FACTS ............................................................................................... 3

ARGUMENT .................................................................................................................... 4

CONCLUSION ................................................................................................................. 7

...

## TABLE OF AUTHORITIES

*Cases*      *Page (s)*

*Biggins v. Willey*,
  C.A. No. 09-862-GMS, 2011 WL 2470472 (D. Del. Jun. 21, 2011) ......................................... 5

*Standard Chlorine of Del. v. Sinibaldi*,
  821 F. Supp. 232 (D. Del. 1992) ....................................................................................... 5

*Tech. Development Co. v. Onischenko*,
  C.A. No. 05-4282, 2009 WL 3246851 (D.N.J. Oct. 5, 2009) ........................................... 6

Defendants Lupin Ltd. ("Lupin Ltd.") and Lupin Pharmaceuticals, Inc. ("LPI") (referred to collectively herein as "Lupin") respectfully submit this brief in opposition to Plaintiffs' Motion to Compel Discovery of Lupin's Product Samples and Related Documents.

## INTRODUCTION

Plaintiffs' eleventh hour motion to compel seeks to trump up discovery disputes where none exist. Lupin has produced reasonable amounts of samples of its finished colesevelam hydrochloride ANDA products and active pharmaceutical ingredient ("API"). Plaintiffs have yet to provide a legitimate explanation as to why such samples are insufficient. ██████████████████████████████████████████████████████████████████

Plaintiffs' second complaint regarding the production of Lupin's test data also wholly lacks merit. Specifically, Plaintiffs have failed to meet and confer with Lupin regarding the same. Had they done this, they would know that Lupin has in fact produced all relevant, non-privileged test data.

## NATURE AND STAGE OF THE LITIGATION

On July 30, 2010, Plaintiffs filed suit against Lupin, pursuant to the Hatch-Waxman Act, alleging infringement of U.S. Patent Nos. 5,607,669 and 5,693,675 based on Lupin Ltd.'s submission of ANDA No. 201-354 seeking approval to market a generic version of Welchol® (colesevelam hydrochloride) tablets. Plaintiffs filed suit against the same defendants alleging infringement of the same two patents on November 1, 2010; this action arising out of Lupin Ltd.'s submission of ANDA No. 201-830, seeking approval to market a generic version of Welchol® (colesevelam hydrochloride) oral suspension. In both actions, Lupin has, *inter alia*, denied infringement and asserted Counterclaims for non-infringement and invalidity of the asserted patents. The Court consolidated these cases on February 8, 2011 (along with several

related cases against other generic ANDA-filers[1]). The Parties have completed fact discovery, which closed on September 27, 2011. (D.I. 116). Claim construction briefing and associated expert discovery is scheduled to take place January through March of 2012. (*Id.*) The Court has not set a date for a *Markman* hearing, nor has a trial date been set.

## SUMMARY OF THE ARGUMENT

Plaintiffs' motion seeks additional samples of Lupin Ltd.'s finished colesevelam hydrochloride ANDA products and API. Lupin, however, has already produced more than a "reasonable amount" of such samples, as originally requested by Plaintiffs. ███████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

Lupin has also already provided a "reasonable amount" of product samples in response to Plaintiffs' requests for production of documents and things. At this point, Plaintiffs' continued insistence on procuring samples, particularly where none exist, should not be countenanced by the Court.

Plaintiffs' motion also seeks responsive documents "'concerning any tests considered for, developed for and/or conducted on any colesevelam hydrochloride product or API, including but not limited to, NMR tests, HPLC tests, IR tests, GC tests, MS tests, elemental analyses, and titration tests and any spectra, charts, and raw data resulting from such tests and/or analyses,' including without limitation the data underlying Lupin's NMR tests included in its

---

[1] These related litigations involve the following defendant generic ANDA-filers: Impax Laboratories, Inc.; Glenmark Generics Inc., USA; Glenmark Generics Ltd.; Glenmark Pharmaceuticals, Ltd.; Watson Pharmaceuticals, Inc.; Watson Pharma Inc.; and Watson Laboratories Inc.

2

DMF." First off, Plaintiffs have utterly failed to comply with their meet and confer obligations with regard to this aspect of their motion. Second, Lupin has already produced all such responsive, non-privileged documents within its possession, custody or control.

## STATEMENT OF FACTS

The product samples and testing/analysis documents that are the subject of Plaintiffs' motion to compel were requested by Plaintiffs in their second and third set of requests for the production of documents and things, served on or about February 25 and May 31, 2011, respectively. Lupin served written responses and objections to these production requests on March 28 and June 30, 2011, respectively. (Ashkenazi Decl. Exs. 2 and 13). Lupin's first production of finished product and API samples from batches referenced in its ANDAs and DMF occurred more than four months ago, on May 20, 2011. (Ashkenazi Decl. Ex. 3). Plaintiffs complained about the amounts of the samples produced in their June 3, 2011 letter, but neglected to provide any explanation as to why they felt the production was insufficient and why they felt they needed larger quantities of Lupin's proposed finished products and API. (*See* Ex. A,[2] 6/3/11 Letter from I. Ashkenazi to T. Raghavan). Nonetheless, in the interests of cooperation, counsel for Lupin indicated that it would confer with Lupin in an effort to see if there were additional product samples that could be garnered. (*See* Ex. B, 6/9/11 Letter from R. Chamcharas to I. Ashkenazi). On July 14, 2011, counsel for Lupin informed Plaintiffs that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌Lupin would in fact be supplementing its production of samples. (*See* Ex. C, 7/14/11 Letter from R. Chamcharas to I. Ashkenazi). As promised, Lupin supplemented its production of finished product and API samples on July 15. (Ashkenazi Decl. Ex. 4). This supplemental production of

---

[2] Unless otherwise indicated, as used herein, "Ex." refers to exhibits to the Declaration of Theodore J. Chiacchio, Esq., submitted concurrently herewith.

finished product and API samples was met with additional complaints and requests by Plaintiffs for even more product samples, again without providing any explanation as to why the significant quantity of samples already produced was somehow insufficient for Plaintiffs' purposes. (Ashkenazi Decl. Ex. 5). While taking issue with Plaintiffs' wholly unfounded assertions that Lupin's production of samples was still somehow insufficient (*see* Ashkenazi Decl. Ex. 6), once again, in an effort to avoid an unnecessary dispute, Lupin yet again provided a third group of samples. (Ashkenazi Decl. Ex. 8).

With regard to Plaintiffs' related request for all responsive documents "'concerning any tests considered for, developed for and/or conducted on any colesevelam hydrochloride product or API, including, but not limited to, NMR tests, HPLC tests, IR tests, GC tests, MS tests, elemental analyses, and titration tests and any spectra, charts, and raw data resulting from such tests and/or analyses,' including without limitation the data underlying Lupin's NMR tests included in its DMF," Plaintiffs wholly failed to raise this issue during the Parties' meet and confer. Plaintiffs likewise did not make mention of this matter in any written communication since May 17, 2011, despite the Parties' many communications since that time.

## ARGUMENT

Plaintiffs' vacuous motion quite simply can be boiled down to the first three paragraphs on page 6 of its supporting brief, which in turn, reflect the following two points, according to Plaintiffs: (1) the requested additional finished product and API samples are relevant because Lupin contests infringement of the patents-in-suit; and (2) the finished product and API samples that Lupin has already produced are insufficient. With regard to (1), Lupin does indeed contest infringement and, thus, agrees that some reasonable amount of finished product and API samples are relevant here. Lupin urges, however, that it has already produced a

quantity of finished product and API sample more than sufficient for Plaintiffs' purposes. As the party moving to compel discovery, here, Plaintiffs bear the burden of establishing the "permissibility and relevance" of the supplemental discovery they seek. *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 258 (D. Del. 1992). This Court has declined to compel discovery where the scope of the information sought is overly broad or unduly burdensome. *See id.*; *Biggins v. Willey*, C.A. No. 09-862-GMS, 2011 WL 2470472, at *2 (D. Del. June 21, 2011).

███████████████████████████████████████

███████████████████████████████████████

██████████████████████ By any measure, this constitutes a "reasonable amount" sufficient for any testing or analysis Plaintiffs may choose to have conducted. To the extent Plaintiffs disagree, they have failed to even attempt to articulate why they require additional samples.

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

As concerns Plaintiffs' associated request for all responsive documents "'concerning any tests considered for, developed for and/or conducted on any colesevelam hydrochloride product or API, including, but not limited to, NMR tests, HPLC tests, IR tests, GC tests, MS tests, elemental analyses, and titration tests and any spectra, charts, and raw data resulting from such tests and/or analyses,' including without limitation the data underlying Lupin's NMR tests included in its DMF," Lupin notes that Plaintiffs have completely failed to satisfy their meet and confer obligations. Prior to filing their motion, Plaintiffs had not made even a passing reference to any alleged deficiencies in Lupin's document production since May 17 and also failed to provide notice to Lupin of their position on this matter during the Parties' various telephonic meet and confers over the past several months.

Further, Lupin has already searched for and produced responsive, non-privileged, documents concerning testing and analysis conducted on its finished product and API batches referenced in its subject ANDAs, to the extent such documents are within its possession, custody or control. (*See, e.g.*, LUPIN(COLE) 000217-421; 540-45; 551-73; 816-33; 860-97; LUPIN(COLE-OS) 000314-681; 936-70; 1062-119; 1321-72; 1412-591; 1595-914; 1945-3763; LUPIN(COLE-TAB) 000349-736; 1074-135; 1521-63; 1626-49; 1945-5051). While there may (or may not) be certain documents relating to testing and analysis of the inactive ingredients within Lupin's finished products exclusively within the possession, custody or control of third-party manufacturers, under the Federal Rules, Lupin cannot (nor should not) be held responsible for producing such documents. *See Tech. Development Co. v. Onischenko*, C.A. No. 05-4282 (MLC), 2009 WL 3246851, at *2 (D.N.J. Oct. 5, 2009) (holding that a party has no obligation to produce documents within the possession, custody or control of a third-party). Plaintiffs' recourse in such instances is to pursue the documents directly from the manufacturers.

## CONCLUSION

In light of the foregoing, Lupin respectfully requests that the Court deny Plaintiffs' motion to compel discovery of Lupin's product samples and related documents.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Tara Raghavan
Theodore J. Chiacchio
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60654
Tel: (312) 222-6301

Dated: October 14, 2011
Public Version Dated: October 18, 2011
1031290 / 35929

By: /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 18, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on October 18, 2011, the attached document was electronically mailed to the following person(s)

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
Wilmington, DE 19899-1347
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Plaintiffs Daiichi Sankyo, Inc.*
*and Genzyme Corporation*

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Preston K. Ratliff II
Paul Hastings LLP
85 East 55th Street
New York, NY 10022
josephomalley@paulhastings.com
brucewexler@paulhastings.com
prestonratliff@paulhastings.com
*Attorneys for Plaintiff*
*Daiichi Sankyo, Inc.*

Robert L. Baechtold
Scott K. Reed
Filko Prugo
Brian D. O'Reilly
Donald J. Curry
Jason O'Leary
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, NY 10104
rbaechtold@fchs.com
sreed@fchs.com
fprugo@fchs.com
boreilly@fchs.com
dcurry@fchs.com
joleary@fchs.com
*Attorneys for Plaintiff Genzyme Corporation*

Frederick L. Cottrell, III
Steven J. Fineman
Richards, Layton & Finger, Pa
One Rodney Square
920 N. King Street
Wilmington, DE 19801
cottrell@rlf.com
fineman@rlf.com
*Attorneys for Defendants Watson*
*Pharmaceuticals Inc., Watson Pharma Inc.,*
*and Watson Laboratories Inc. (NV)*

John L. North
Jeffrey J. Toney
Darcy L. Jones
Kasowitz, Benson, Torres & Friedman LLP
1360 Peachtree Street, NE
Suite 1150
Atlanta, GA 30309
jnorth@kasowitz.com
jtoney@kasowitz.com
djones@kasowitz.com
*Attorneys for Defendants Watson Pharmaceuticals Inc., Watson Pharma Inc., and Watson Laboratories Inc. (NV)*

Norman E.B. Minnear
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
jminnear@kasowitz.com
*Attorneys for Defendants Watson Pharmaceuticals Inc., Watson Pharma Inc., and Watson Laboratories Inc. (NV)*

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

984460 / 35929 (cons.)

2