IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAIICHI SANKYO, INC., et al., | ) |
| Plaintiffs, | ) C.A. No. 10-32-NLH (AMD) |
| v. | ) CONSOLIDATED |
| IMPAX LABORATORIES, INC., et al., | ) **REDACTED** |
| Defendants. | ) **PUBLIC VERSION** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR
AN EXTENSION OF TIME FOR THE PARTIES TO TAKE FACT DEPOSITIONS**

**I.    INTRODUCTION**

Defendants Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Watson Laboratories, Inc. (NV) and Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc., (collectively, "Defendants") submit this reply in support of their Motion for an Extension of Time for the Parties to Take Fact Depositions.[1] Plaintiffs' Partial Opposition makes clear that the parties broadly agree on a limited-purpose extension of the discovery period to complete depositions, but disagree on a single issue – whether the deposition of Dorothy Whelan should occur. Plaintiffs seek to use the briefing on what should be a non-controversial motion to extend

---

[1] Defendants requested in their Motion that fact discovery be extended until October 27, 2011 for the limited purpose of taking the depositions of fact witnesses that already have been noticed. It appears that depositions may occur past October 27, 2011. A Rule 30(b)(6) deposition of Daiichi is the subject of a motion to compel that is not fully briefed, and Plaintiffs have not yet provided available dates for Genzyme employee Robert Sacchiero or former Genzyme employee John Petersen. In addition, two Watson 30(b)(6) witnesses from India likely will be deposed in November. Watson offered one of these witnesses for deposition in the United States on October 20, 2011, but Plaintiffs were not available. The other witness was scheduled for deposition in the United States on October 12, 2011, but his deposition was postponed by mutual agreement of the parties after Watson produced roughly 210 additional documents recently located which could bear on his deposition. Again, no other dates in the schedule will be affected. A revised proposed order extending discovery through November 15, 2011 for the purpose of taking fact depositions is attached as Exhibit 1.

time to avoid the deposition of Ms. Whelan, an important third-party witness subpoenaed by Defendants, despite the fact that Plaintiffs have not made themselves available to confer with Defendants about the subpoena. The appropriateness of the subpoena to Ms. Whelan should be decided in the context of separate briefing to the Court in the event the parties are unable to reach agreement (assuming Plaintiffs make themselves available to confer).

The Court need not decide whether Ms. Whelan's deposition is proper in order to grant Defendants' Motion. Neither Ms. Whelan nor Plaintiffs have moved to quash the subpoena or for a protective order. Moreover, Plaintiffs can show no prejudice by proceeding with the deposition. Nevertheless, should the Court wish to address Ms. Whelan's deposition at this juncture, Defendants submit that they acted promptly and appropriately to obtain Ms. Whelan's deposition, that the deposition will address highly probative issues, and that the deposition should go forward.

## II.     ARGUMENT

### A.     Defendants Moved For A Limited Purpose Extension of the Fact Discovery Period to Accommodate Depositions of Plaintiffs', Defendants', and Third-Party Witnesses.

Plaintiffs' Partial Opposition suggests that the depositions to be taken after the scheduled close of fact discovery are only those of Defendants' witnesses (many of whom live and work in India) who were not available prior to September 27, 2011. (See D.I. 163 at 2 ("Defendants should not be permitted to benefit from their own inability to provide party witnesses ....").) In reality, Plaintiffs also have scheduled depositions of their own witnesses and third parties represented by Plaintiffs' counsel for dates after the close of fact discovery. Notably, Plaintiffs have not offered any date for the deposition of Massachusetts-based Genzyme employee Robert Sacchiero, who was identified by Plaintiffs in interrogatory responses as being involved in the research resulting in the patents-in-suit and whose deposition was noticed in August (D.I. 137),

or John Petersen, a former Genzyme employee represented in this case by Plaintiffs' counsel. (D.I. 143, D.I. 162.)

On September 23, 2011, as the parties were in the midst of scheduling depositions for dates after September 27, 2011, Defendants provided Plaintiffs with a proposed stipulation to extend fact discovery for the purpose of completing the depositions that already had been noticed by the parties. (Sept. 23, 2011 e-mail from Minnear to Pls., Ex. A.)[2] The purpose of Defendants' stipulation was not to ensure that any particular deposition would occur, but rather to seek the Court's permission for the parties to continue scheduling depositions for dates after September 27, 2011. The parties had been scheduling these depositions both to accommodate witnesses and as a result of negotiations and discussions between the parties about particular depositions.

Plaintiffs did not provide a substantive response to Defendants' proposed stipulation until September 27, 2011, the day fact discovery was scheduled to close. (Sept. 27, 2011 e-mail from Ashkenazi to Defs., Ex. B.) Plaintiffs' response was to propose language that would exclude the deposition of Ms. Whelan (and initially to exclude the depositions of any third-party witnesses occurring after September 27, 2011). When Defendants requested a telephonic meet-and-confer in hopes of working out a joint stipulation, Plaintiffs responded that they were not available until that evening. (Sept. 27, 2011 e-mail from Ashkenazi to Minnear, Ex. C.) After waiting for Plaintiffs until 7:30 p.m. the night of the scheduled close of fact discovery, Defendants filed the present Motion requesting an extension of time for both Plaintiffs and Defendants to complete previously-noticed depositions. (Sept. 27, 2011 e-mail from Minnear to Ashkenazi, Ex. D.)

---

[2] The exhibits cited herein as "Ex. __" are attached to the Declaration of Jonathan D. Olinger, filed contemporaneously herewith.

3

B.   **This Motion Is Not The Proper Vehicle For Plaintiffs to Raise Their Objections to the Whelan Subpoena.**

The dispute Plaintiffs seek to have the Court to decide in connection with the present Motion is whether Defendants should be able to pursue the deposition of Dorothy Whelan, who, as noted below, is an important witness whose deposition Defendants first sought a month before the close of fact discovery. However, there is no need for that dispute to be decided in connection with the present motion. Adopting Defendants' proposed order extending discovery does not foreclose further discussions between the parties about Ms. Whelan's deposition.

Indeed, the dispute regarding Ms. Whelan's deposition is not at all ripe for the Court to decide. Ms. Whelan's law firm served objections to the subpoena on September 22, 2011. (D.I. 163, Ex. A.) On September 28, 2011 and September 29, 2011, Defendants asked Ms. Whelan's attorneys for a meet-and-confer on the objections. (Sept. 28, 2011 e-mail from Rachford to Thornburgh, Ex. E; Sept. 29, 2011 e-mail from Rachford to Thornburgh, Ex. F.) Ms. Whelan's attorneys responded that Plaintiffs' counsel would be in touch with Defendants regarding whether "this deposition needs to go forward." (Sept. 29, 2011 e-mail from Thornburgh to Rachford, Ex. G.) Defendants then requested to discuss this issue with Plaintiffs, but received no response. (Oct. 3, 2011 e-mail from Minnear to Pls., Ex. H.) Yet, Plaintiffs now seek to have this Court decide the appropriateness of Ms. Whelan's deposition in connection with a motion to extend discovery without having discussed it with Defendants.

C.   **Defendants Timely Sought Ms. Whelan's Deposition.**

Plaintiffs' Partial Opposition states that Defendants "waited until the week before the close of fact discovery to request [Ms. Whelan's] deposition." (D.I. 163 at 2.) This is far from the case. A month before the scheduled close of fact discovery, Defendants informed Plaintiffs in writing that they intended to take Ms. Whelan's deposition, asked if Plaintiffs' counsel would

be representing Ms. Whelan, and asked Plaintiffs' counsel to provide a date for her deposition.[3] (Aug. 29, 2011 letter from Chamcharas to Ashkenazi, Ex. I.) After contesting whether Defendants were entitled to pursue Ms. Whelan's deposition,[4] Plaintiffs' counsel stated in September that they would not accept service on behalf of Ms. Whelan, but that Defendants should not contact Ms. Whelan except for serving a subpoena on her. (Sept. 13, 2011 e-mail from Minnear to Plaintiffs, Ex. J; Sept. 14, 2011 e-mail from O'Leary to Minnear, Ex. K.)

Defendants acted promptly to secure Ms. Whelan's deposition once Plaintiffs' counsel refused to accept service. Within two days of Plaintiffs taking their final position regarding service, on September 15, 2011, Defendants initiated attempts to serve Ms. Whelan at her place of employment (as a courtesy instead of attempting service at her residence). (Sept. 15, 2011 Subpoena of Dorothy Whelan, Ex. L; Aff. of Attempted Service, Ex. M.) On one occasion, Defendants' process server was informed that Ms. Whelan was in a meeting and could not be interrupted, only to return at 4:30 p.m. and be told that Ms. Whelan had left for the day. (Aff. of Attempted Service, Ex. N.) Finally, on September 20, 2011, Defendants successfully served Ms. Whelan. (Proof of Service, Ex. O.) As another courtesy to the witness, Defendants changed the response date on the subpoena to September 29, 2011 so that Ms. Whelan would have additional time to prepare. (D.I. 145; D.I. 149.) Notably, this was well after the parties had been scheduling depositions for dates after September 27, 2011 and was the result of Defendants making accommodations and offering courtesies to Plaintiffs and the witness.

---

[3] Plaintiffs' counsel previously had notified Defendants that they represented other third-party witnesses formerly associated with Plaintiffs, specifically named inventor Harry Mandeville and prosecuting attorney Carolyn Elmore, and had provided deposition dates for those witnesses.

[4] Plaintiffs contested whether Defendants were entitled to take Ms. Whelan's deposition in part on the basis of a purported oral agreement that Defendants would only pursue the individual depositions of the two named inventors and prosecuting attorney Carolyn Elmore. Defendants strongly dispute that any such agreement existed.

Plaintiffs' contention that Defendants did not give proper notice of the Whelan deposition provides no valid basis for keeping the deposition from going forward. Plaintiffs have not (and cannot) allege that they were prejudiced by the timing of the notice of service of the Whelan subpoena. Courts have made clear that there is no prejudice when notice was actually served and the party had the opportunity to object. See, e.g., Ginley v. E.B. Mahoney Builders, Inc., No. 04-1986, 2006 U.S. Dist. LEXIS 4030, *7 (E.D. Pa. Jan. 31, 2006); McCurdy v. Wedgewood Capital Management Co., No. 97-4304, 1998 U.S. Dist. LEXIS 18875, *24-28 (E.D. Pa. Nov. 16, 1998). Plaintiffs knew that Defendants were issuing the subpoena, were served with the subpoena, and had over a week to object to it. Although Plaintiffs have failed to meet and confer about the subpoena with Defendants, they apparently communicated with Ms. Whelan's law firm about it. Plaintiffs tacitly admit that they were not prejudiced, as they never moved for a protective order.

Further, Plaintiffs cannot show prejudice for any other reason. The parties scheduled numerous other depositions after the close of fact discovery. Ms. Whelan's deposition therefore would not affect the schedule that the parties are seeking. Moreover, Defendants are well within the maximum number of 15 depositions per side ordered by the Court (D.I. 63), including Ms. Whelan's deposition.

D. **Ms. Whelan's Deposition is Expected to Provide Important Testimony.**

Ms. Whelan's testimony is expected to touch on key areas of the case – ones on which she may be uniquely able to speak. Ms. Whelan was the prosecuting attorney for the parent patent applications to the patents-in-suit to which Plaintiffs claim priority. Ms. Whelan is believed to have been responsible for drafting these applications and for communications to the Patent and Trademark Office about these applications. **REDACTED**

**REDACTED**   Plaintiffs' suggestion that Ms. Whelan performed no work pertinent to the issues in this case (D.I. 163 at 2-3) simply is baseless.

The patent claim language that initially appeared in the application Ms. Whelan is believed to have drafted – "less than 10 mol % of the nitrogen atoms in said repeat units that react with said alkylating agent form quaternary ammonium units" – is highly relevant in this case. (D.I. 1, Ex. B at col. 15 l. 51-53.) It is pertinent to issues including, but not limited to, invalidity under 35 U.S.C. § 112, such as lack of enablement and lack of written description. The claim language appears to have no scientific connection to the underlying invention and appears simply to have been added to the claims in order to avoid prior art references in hopes of obtaining a patent.

Ms. Whelan is uniquely able to answer questions about this claim language. The prosecuting attorney for the patents-in-suit, Carolyn Elmore, **REDACTED** This language pre-dates the applications Ms. Elmore drafted. It originated in Ms. Whelan's application. **REDACTED** And Ms. Whelan may be able to answer questions regarding who she interacted with at GelTex when drafting the applications, information that would not be available from any other source. Ms. Whelan's deposition is far from irrelevant – at a minimum, it bears directly on the invalidity issues of the case. It certainly should not be prohibited based on Plaintiffs' assertion that Defendants do not need to take the deposition.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the deadline for the parties to complete fact discovery be extended until November 15, 2011 for the limited purpose of taking the depositions of fact witnesses that already have been noticed.

| | |
|---|---|
| /s/ David E. Moore | /s/ Laura D. Hatcher |
| Richard L. Horwitz (#2246) | Frederick L. Cottrell, III (#2555) |
| rhorowitz@potteranderson.com | Cottrell@rlf.com |
| David E. Moore (#3983) | Steven J. Fineman (#4025) |
| dmoore@potteranderson.com | Fineman@rlf.com |
| Potter Anderson & Corroon LLP | Laura D. Hatcher (#5098) |
| 1313 North Market Street | Hatcher@rlf.com |
| Wilmington, DE 19801 | Richards, Layton & Finger, P.A. |
| (302) 984-6000 | One Rodney Square |
| | 920 North King Street |
| | Wilmington, DE 19801 |
| OF COUNSEL: | OF COUNSEL: |
| Rakoczy Molino Mazzochi Siwik LLP | Kasowitz, Benson, Torres & Friedman LLP |
| William A. Rakoczy | John L. North |
| Paul J. Molino | Darcy L. Jones |
| Deanne M. Mazzochi | Jonathan D. Olinger |
| Tara M. Raghavan | 1360 Peachtree Street, N.E., Suite 1150 |
| 6 West Hubbard Street, Suite 500 | Atlanta, GA 30309 |
| Chicago, IL 60654 | |
| | Norman E.B. Minnear |
| *Attorneys for Lupin Ltd. and Lupin Pharmaceuticals, Inc.* | David J. Galluzzo |
| | 1633 Broadway |
| | New York, New York 10019 |
| | |
| | *Attorneys for Defendants Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Watson Laboratories, Inc. (NV)* |

Dated: October 12, 2011

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2011, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served by electronic mail:

    Jack B. Blumenfeld, Esquire
    Rodger D. Smith, II, Esquire
    Morris, Nichols, Arsht & Tunnell
    1201 North Market Street
    P.O. Box 1347
    Wilmington, DE 19801

I hereby certify that on October 12, 2011, I have sent by electronic mail, the foregoing document to the following non-registered participants:

| | |
|---|---|
| Joseph M. O'Malley, Jr., Esquire | Scott K. Reed, Esquire |
| Bruce M. Wexler, Esquire | Filko Prugo, Esquire |
| Preston K. Ratliff II, Esquire | Donald J. Curry, Esquire |
| Isaac S. Ashkenazi, Esquire | Brian D. O'Reilly, Esquire |
| Paul, Hastings, Janofsky & Walker LLP | Fitzpatrick, Cella, Harper & Scinto |
| 75 East 55th Street | 1290 Avenue of the Americas |
| New York, NY 10022 | New York, NY 10104 |

                                                             /s/ Laura D. Hatcher
                                                   Laura D. Hatcher (#5098)
                                                   Hatcher@rlf.com

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAIICHI SANKYO, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 10-32-NLH (AMD) |
| ) | CONSOLIDATED |
| v. ) | |
| ) | |
| IMPAX LABORATORIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

WHEREAS, Defendants Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Watson Laboratories, Inc. (NV), and Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc., (collectively, "Defendants"), having moved this Court for an order extending the fact discovery deadline from September 27, 2011 to November 15, 2011 for the limited purpose of allowing the parties to take depositions of fact witnesses whose depositions were noticed within the fact discovery period, but have not yet been taken (the "Motion"), and;

WHEREAS, the Court having considered the arguments in support of and opposition to said Motion:

IT IS HEREBY ORDERED, this ___ day of _____, 2011, that:

(1) Defendants' Motion for an Extension of Time for the Parties to Take Fact Depositions is **GRANTED**; and

(2) The deadline for the parties to complete fact discovery is extended from September 27, 2011 to November 15, 2011 for the limited purpose of taking the depositions of fact witnesses that already have been noticed.

_____<br>
The Honorable Anne Marie Donio<br>
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 19, 2011, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served by electronic mail:

> Jack B. Blumenfeld, Esquire
> Rodger D. Smith, II, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19801

I hereby certify that on October 19, 2011, I have sent by electronic mail, the foregoing document to the following non-registered participants:

| | |
|---|---|
| Joseph M. O'Malley, Jr., Esquire | Scott K. Reed, Esquire |
| Bruce M. Wexler, Esquire | Filko Prugo, Esquire |
| Preston K. Ratliff II, Esquire | Donald J. Curry, Esquire |
| Isaac S. Ashkenazi, Esquire | Brian D. O'Reilly, Esquire |
| Paul, Hastings, Janofsky & Walker LLP | Fitzpatrick, Cella, Harper & Scinto |
| 75 East 55th Street | 1290 Avenue of the Americas |
| New York, NY 10022 | New York, NY 10104 |

> */s/ Steven J. Fineman*
> Steven J. Fineman (#4025)
> Fineman@rlf.com