IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAIICHI SANKYO, INC. and GENZYME CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 10-32 (NLH) (AMD) |
| v. | ) ) | CONSOLIDATED |
| IMPAX LABORATORIES, INC., et al., | ) ) | REDACTED - PUBLIC VERSION |
| Defendants. | ) ) | |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY OF LUPIN'S PRODUCT SAMPLES AND RELATED DOCUMENTS**

OF COUNSEL:

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Preston K. Ratliff II
PAUL HASTINGS LLP
75 East 55th Street
New York, NY  10022
(212) 318-6000

*Attorneys for Plaintiff Daiichi Sankyo, Inc.*

Scott K. Reed
Filko Prugo
Donald J. Curry
Brian D. O'Reilly
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100

*Attorneys for Plaintiff Genzyme Corporation*

September 27, 2011 - Original Filing Date
October 27, 2011 - Redacted Filing Date

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiffs Daiichi Sankyo, Inc. and Genzyme Corporation*

## TABLE OF CONTENTS

    Page

TABLE OF AUTHORITIES .................................................................................................... ii

NATURE AND STAGE OF THE LITIGATION ......................................................................1

SUMMARY OF THE ARGUMENT ..........................................................................................2

STATEMENT OF FACTS ..........................................................................................................2

ARGUMENT ...............................................................................................................................5

    I.    LEGAL STANDARD ............................................................................................5

    II.    LUPIN SHOULD BE COMPELLED TO PRODUCE THE REQUESTED PRODUCT SAMPLES AND DOCUMENTS ..............................6

CONCLUSION ............................................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*,
   No. 09-1685, 2011 WL 3033033 (M.D. Pa. July 25, 2011) ...................................................... 5

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ............................................................................................................ 5, 6

**RULES AND STATUTES**

35 U.S.C. § 271(e)(2) ...................................................................................................................... 3

Fed. R. Civ. P. 26(b)(1) ............................................................................................................... 5, 6

**NATURE AND STAGE OF THE LITIGATION**

Plaintiffs Daiichi Sankyo, Inc. ("Daiichi Sankyo") and Genzyme Corp. ("Genzyme") (collectively, "Plaintiffs") filed a series of now consolidated patent infringement suits under the Hatch-Waxman Act against Impax Laboratories, Inc. ("Impax"), Glenmark Generics Inc., USA, Glenmark Generics Ltd., and Glenmark Pharmaceuticals, Ltd. (collectively, "Glenmark"), Watson Pharmaceuticals, Inc., Watson Pharma Inc. and Watson Laboratories, Inc. (NV) (collectively, "Watson") and Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") (collectively, "Defendants"), after Defendants filed their Abbreviated New Drug Applications ("ANDAs") to market generic versions of Plaintiffs' Welchol® products.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.[2]

Fact discovery is scheduled to close on September 27, 2011. (D.I. 114.) Opening *Markman* briefs are scheduled to be filed on January 6, 2012; however, a *Markman* hearing and trial date have not been scheduled. (D.I. 81.) This is Plaintiffs' opening brief in support of their motion to compel.

---

[1] An API is the biologically active drug substance found within a pharmaceutical product. In contrast, the final drug product contains the API, which in this case is colesevelam hydrochloride, as well as additional inactive pharmaceutical substances, known as excipients.

[2] Impax and Glenmark both stipulated to infringement of the patents-in-suit (D.I. 75, D.I. 104) and subsequently settled the actions against them with the Plaintiffs. (D.I. 113, D.I. 133.)

## SUMMARY OF THE ARGUMENT

The Federal Rules of Civil Procedure allow for broad and liberal discovery of any matter relevant to a party's claims or defenses. Despite representing to the FDA that Lupin's proposed generic versions of Welchol® use the same API as Welchol®, Lupin argues that its ANDA products are not covered by the patents-in-suit, which cover Plaintiffs' API. Given the fact that Lupin contests infringement, Plaintiffs' requests for product samples and documents relating to the analyses and testing of those samples are plainly relevant.

Lupin has acknowledged the relevance of Plaintiffs' requests and agreed to provide samples of its proposed generic colesevelam hydrochloride products as well as documents regarding analyses and testing of those products. Lupin, however, has failed to provide a reasonable amount of the requested samples. In stark contrast to its co-defendant Watson, who produced ▆▆▆▆▆ samples of each batch of its API available, Lupin has produced less than a few grams of each batch of its API. Moreover, Lupin has not produced all of the requested documents relating to the requested product samples.

Despite Plaintiffs' many attempts to reach an agreement with Lupin on this matter, Lupin has been evasive and non-responsive to Plaintiffs' requests. Plaintiffs therefore seek an order from the Court compelling Lupin to provide a reasonable amount of product samples and the analyses and testing documents relating to those samples.

## STATEMENT OF FACTS

Plaintiffs commenced two lawsuits pursuant to the Hatch-Waxman Act against Lupin alleging that Lupin's submission of its ANDA Nos. 201-354 and 201-830 to the FDA seeking to market its generic versions of Plaintiffs' Welchol® tablet and oral suspension products

infringed United States Patent Nos. 5,607,669 and 5,693,675 (collectively, "patents-in-suit").[3] (*See* 35 U.S.C. § 271(e)(2).)  The patents-in-suit cover colesevelam hydrochloride and methods of using colesevelam hydrochloride.  In each of these suits Lupin pled an affirmative defense of non-infringement of the patents-in-suit.  (*See, e.g.*, D.I. 12, C.A. No. 10-644.)

On February 25, 2011, Plaintiffs served Lupin with a set of document requests, that included requests for samples of Lupin's API and Lupin's proposed final drug products (collectively, "Lupin's ANDA product samples").  (Ex. 1,[4] Plaintiffs' Second Set of Document Requests.)  Specifically, Requests Nos. 10-12 sought 1,000 gram samples from each batch or lot of Lupin's colesevelam hydrochloride API referenced in its ANDAs and Drug Master File ("DMF"),[5] as well as 100 samples of each dosage strength of both the tablet and oral suspension products referenced in Lupin's ANDA Nos. 201-354 and 201-830 (collectively "Lupin's ANDAs").  (*See id*.)  Lupin served objections to Plaintiffs' requests on March 28, 2011, and specifically stated that ▮▮▮▮▮▮▮▮▮▮ (Ex. 2, Lupin's Objections and Responses to Plaintiffs Second Set of Document Requests Nos. 10-12.)

Plaintiffs have attempted on numerous occasions to obtain production of the requested amounts of samples and documents; however, Plaintiffs' efforts have been repeatedly rebuffed by Lupin.  (*See, e.g.*, Exs. 3-8.)  Notwithstanding that, in the spirit of cooperation and

---

[3]  These two litigations against Lupin, C.A. Nos. 10-644 and 10-935, were consolidated for all purposes on February 8, 2011.  (*See* D.I. 53.)

[4]  "Ex. __" refers to the exhibits attached to the Declaration of Isaac S. Ashkenazi in support of Plaintiffs' Motion to Compel Discovery of Lupin's Product Samples, filed concurrently herewith.

[5]  A Drug Master File ("DMF") is a submission to the FDA containing detailed information regarding the API referenced in a company's ANDA submission.

compromise, Plaintiffs lowered their sample request to ███ samples of each batch of Lupin's colesevelam hydrochloride API referenced in its ANDAs and DMF. (Ex. 7, Plaintiffs' August 22, 2011 Letter to Lupin.) This is the same quantity of samples that Lupin's co-defendant Watson agreed was a "reasonable amount" and actually provided to Plaintiffs.[6] (Ex. 9, Watson's June 20, 2011 Letter to Plaintiffs.) Lupin, however, has refused to respond to Plaintiffs' proposal.

      As a result, Plaintiffs still have not received the requested product samples that Lupin agreed to produce. Instead, after much prodding, Lupin has only produced ███ ███████████████████████████████████████ ███████████████████ (*See, e.g.*, Exs. 3, 4, 8, Lupin's May 20, 2011, July 15, 2011 and September 1, 2011 Letters to Plaintiffs.) Lupin's woeful production of samples pales in comparison to the quantity of samples it has manufactured. For example, Lupin's document production demonstrates that it has manufactured ███████ ██████████████████████ that Plaintiffs have requested — ███████ ████████████████████████ In addition, Lupin failed to provide a single sample ███████████████████████████████████████ ████████████████████ (*See, e.g.*, Exs. 5, 7, Plaintiffs' July 22 and August 22, 2011 Letters to Lupin; Ex. 12, ████████████████ )

      On June 30, 2011, Lupin also promised to produce responsive documents "concerning any tests considered for, developed for and/or conducted on any colesevelam hydrochloride product or API, including, but not limited to, NMR tests, HPLC tests, IR tests,

---

[6]   Watson has provided to Plaintiffs 100 grams per batch of its colesevelam hydrochloride API. (Ex. 10, Watson's August 8, 2011 Letter to Plaintiffs.)

GC tests, MS tests, elemental analyses, and titration tests and any spectra, charts, and raw data resulting from such tests and/or analyses." (*See* Ex. 13, Lupin's Objections and Responses to Plaintiffs' Third Set of Requests for the Production of Documents and Things to Lupin No. 14.) The requested materials, however, have not been produced to Plaintiffs. For example, ██████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████

## ARGUMENT

### I. LEGAL STANDARD

Plaintiffs are entitled to discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevancy under Fed. R. Civ. P. 26(b)(1) is broadly construed to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, No. 09-1685, 2011 WL 3033033, at *3 (M.D. Pa. July 25, 2011) (citations omitted). "Once that initial burden is met, 'the party resisting the discovery has the burden to establish that the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Id.* (citations omitted).

## II. LUPIN SHOULD BE COMPELLED TO PRODUCE THE REQUESTED PRODUCT SAMPLES AND DOCUMENTS

Given that Lupin has contested infringement of the patents-in-suit, which claim the active ingredient colesevelam hydrochloride and methods of using colesevelem hydrochloride, Plaintiffs' requests meet the relevance standard of Fed. R. Civ. P. 26(b)(1). *See Oppenheimer Fund*, 437 U.S. at 351. Accordingly, to the extent Lupin continues to argue that its ANDA products are not covered by the patents-in-suit, Plaintiffs are entitled to receive samples of those ANDA products and documents regarding Lupin's analyses and testing of those samples, and, to the extent necessary, to test those samples.

Lupin has not asserted that its ANDA product samples and documents are irrelevant to this litigation. Indeed, Lupin has agreed to provide a reasonable amount of samples as well as the requested documents, but for reasons unexplained to Plaintiffs, has failed to do so.

Although Lupin has produced some samples, its production to date is woefully deficient. Lupin has only produced a mere ▬▬ samples for ▬▬▬▬▬ and a mere ▬▬ ▬▬▬▬▬▬▬▬▬. In stark contrast, Lupin's co-defendant, Watson has produced ▬▬ samples of API. Notwithstanding, Lupin's documents show that for at least one of the samples Plaintiffs' have requested, ▬▬▬▬▬▬ ▬▬. Lupin should be compelled to produce at least ▬▬ samples of the requested API as well as the analysis and testing documents relating to those samples.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to compel.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Rodger D. Smith II*

          _____
          Jack B. Blumenfeld (#1014)
          Rodger D. Smith II (#3778)
          1201 North Market Street
          P.O. Box 1347
          Wilmington, DE  19899-1347
          (302) 658-9200
          jblumenfeld@mnat.com
          rsmith@mnat.com
            *Attorneys for Plaintiffs Daiichi Sankyo, Inc.*
            *and Genzyme Corporation*

OF COUNSEL:

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Preston K. Ratliff II
PAUL HASTINGS LLP
75 East 55th Street
New York, NY  10022
(212) 318-6000

*Attorneys for Plaintiff Daiichi Sankyo, Inc.*

Scott K. Reed
Filko Prugo
Donald J. Curry
Brian D. O'Reilly
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100

*Attorneys for Plaintiff Genzyme Corporation*

September 27, 2011  - Original Filing Date
4510955.1
October 27, 2011 - Redacted Filing Date

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> POTTER ANDERSON & CORROON LLP
>
> Frederick L. Cottrell, III, Esquire
> Steven J. Fineman, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I further certify that I caused copies of the foregoing document to be served on October 27, 2011, upon the following in the manner indicated:

Richard L. Horwitz, Esquire                                              *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

William A. Rakoczy, Esquire                                              *VIA ELECTRONIC MAIL*
Paul J. Molino, Esquire
Deanne M. Mazzocki, Esquire
Tara Raghavan, Esquire
RAKOCZY MOLINE MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL  60654
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

- 2 -

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Steven J. Fineman, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Watson Pharmaceuticals, Inc.,*<br>*Watson Pharma, Inc. and Watson*<br>*Laboratories, Inc. (NV)* | *VIA ELECTRONIC MAI* |
| John L. North, Esquire<br>Jeffrey J. Toney, Esquire<br>Darcy L. Jones, Esquire<br>KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>1360 Peachtree Street, N.E.<br>Suite 1150<br>Atlanta, GA  30309<br>*Attorneys for Watson Pharmaceuticals, Inc.,*<br>*Watson Pharma, Inc. and Watson*<br>*Laboratories, Inc. (NV)* | *VIA ELECTRONIC MAIL* |
| Norman E.B. Minnear, Esquire<br>KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>1633 Broadway<br>New York, NY  10019<br>*Attorneys for Watson Pharmaceuticals, Inc.,*<br>*Watson Pharma, Inc. and Watson*<br>*Laboratories, Inc. (NV)* | *VIA ELECTRONIC MAIL* |

/s/ *Rodger D. Smith II*

Rodger D. Smith II (#3778)