IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAIICHI SANKYO, INC. and GENZYME          )
CORPORATION,                              )
                                          )
                    Plaintiffs,           )     C.A. No. 10-32 (NLH) (AMD)
                                          )     CONSOLIDATED
          v.                              )
                                          )     **PUBLIC VERSION**
IMPAX LABORATORIES, INC.,                 )
                                          )
                    Defendant.            )

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL
DISCOVERY OF LUPIN'S PRODUCT SAMPLES AND RELATED DOCUMENTS**

OF COUNSEL:

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Preston K. Ratliff II
Anthony Michael
Isaac S. Ashkenazi
PAUL HASTINGS LLP
75 East 55th Street
New York, NY  10022
(212) 318-6000

*Attorneys for Plaintiff Daiichi Sankyo, Inc.*

Scott K. Reed
Filko Prugo
Donald J. Curry
Brian D. O'Reilly
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY  10104
(212) 218-2100

*Attorneys for Plaintiff Genzyme Corporation*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Plaintiffs Daiichi Sankyo,
   Inc. and Genzyme Corporation*

Original Filing Date: October 24, 2011
Redacted Filing Date: October 31, 2011

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

SUMMARY OF ARGUMENT ................................................................................................... 1

ARGUMENT ................................................................................................................................ 1

CONCLUSION ............................................................................................................................. 4

# TABLE OF AUTHORITIES

**CASES**

*Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*,
No. 09-1685, 2011 WL 3033033 (M.D. Pa. July 25, 2011) ......................................................1

## SUMMARY OF ARGUMENT

Plaintiffs submit this reply in support of their motion to compel discovery of Lupin's product samples and certain analytical and testing documents related to those samples. Lupin concedes that the requested samples are relevant, but attempts to gloss over the fact that it produced ▮ less sample, and in several cases ▮ less sample, than its co-defendant Watson. Notwithstanding that, Lupin asserts ▮

▮ This Court should not accept such bald assertions. Lupin should be ordered to provide an accounting of its API batches and to produce any remaining available amounts of API as well as the requested documents regarding them.

## ARGUMENT

Lupin agrees that its colesevelam hydrochloride API samples and certain analytical and testing documents related to those samples are relevant to this litigation. Indeed, by contesting infringement of the patents-in-suit, Lupin made those samples and documents relevant to this litigation. (▮

▮

▮.) Given that Lupin has conceded the relevance of the requested materials, it is Lupin's burden -- not Plaintiffs' -- to establish that the requested discovery is overly broad or unduly burdensome. *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, No. 09-1685, 2011 WL 3033033, at *3 (M.D. Pa. July 25, 2011).

Lupin has failed to make any such showing. Instead, Lupin attempts to gloss over the pitiful amount of API samples it produced by ▮

- 1 -



¹ The

fact remains that Lupin did not produce any samples of its "reference standard" API batch,

. Lupin only produced a

. In stark contrast, Lupin's co-

defendant Watson produced        samples of its API. (Ex. 9, Watson's June 20, 2011 Letter

to Plaintiffs; Ex. 10, Watson's August 8, 2011 Letter to Plaintiffs.)² By any measure, Lupin's

production of samples does not constitute a "reasonable amount" and Lupin's assertion that

. For example, just one of the

routine tests Lupin conducts on its own API requires far more than the miniscule amounts of API

Lupin has produced thus far. (*See* Ex. 15,                                              )

In addition, Lupin asserts that

. This Court should not accept such bald, unsupported

assertions. Given the large amounts of API Lupin generated for its batches -- *e.g.*,

-- Lupin's assertion appears to be

unfounded. (*See* Ex. 11,                          .) Moreover, Lupin's repeated refusal to

provide Plaintiffs with information that would support such assertions raises a serious concern

about Lupin's position. (*See* Ex. 5, Plaintiffs' July 22, 2011 Letter to Lupin ("To the extent

---

¹ Plaintiffs' motion to compel seeks the discovery of materials related to Lupin's colesevelam hydrochloride API. Lupin's discussions regarding the production of its finished tablet and packet dosage forms is not pertinent to the present motion.

² Ex. __, refers to the exhibits attached to the Declaration or the Supplemental Declaration of Isaac S. Ashkenazi in Support of Plaintiffs' Motion to Compel Discovery of Lupin's Product Samples and Related Documents, which were respectively filed with the Court on September 27, 2011 or concurrently herewith.

additional amounts of the responsive colesevelam hydrochloride API and product samples do exist that Lupin has not yet produced to Plaintiffs, please . . . provide an explanation for Lupin's refusal to comply with Plaintiffs' discovery requests and Lupin's discovery responses."); Ex. 7, Plaintiffs' August 22, 2011 Letter to Lupin ("For each batch of Lupin's colesevelam hydrochloride API and ANDA samples responsive to Plaintiffs' requests that Lupin will not produce the requested amount, please identify for Plaintiffs the quantity of those batches originally generated by Lupin, the quantity of those batches that must be maintained for "QC purposes" or any other purpose, the quantity of those batches currently available to be produced to Plaintiffs, and an explanation for any quantity of those batches that no longer exists.").)

In essence, Lupin is asking this Court to accept, without any support, that Lupin manufactured just enough API to provide a few specks to Plaintiffs knowing well that it would be contesting infringement of the patents-in-suit. Given Lupin's stated position, this Court should order Lupin to (1) state the beginning and current amounts of API for each batch of API requested by Plaintiffs; (2) provide an accounting that describes with particularity the use of any API requested by Plaintiffs; (3) state the amount of API that Lupin is required to keep on-site for quality control purposes and the basis for that requirement; and (4) produce any remaining amounts of API up to _____ for any API batch to the extent Lupin can do so without running afoul of any demonstrated FDA regulation for keeping API on-site for quality control purposes.

As for the requested documents, Lupin does not dispute that it agreed to produce documents regarding Lupin's analyses and testing of its colesevelam hydrochloride samples. Instead Lupin alleges that Plaintiffs never met their meet and confer obligations and argues that all documents have been produced. Here again, Lupin's arguments attempt to gloss over the fact

- 3 -

that it has not provided the requested discovery materials to Plaintiffs. For example, in Plaintiffs' opening brief, Plaintiffs specifically pointed out that Lupin had not produced the data underlying the NMR tests that Lupin submitted to the FDA for its API batches. (D.I. 154 at 4-5.) Lupin ignores this failure in its production and cites generally to analysis documents found within its ANDAs. Lupin's approach here suggests that it has made no attempt to make a complete search for its analytical and testing documents. Lupin should be ordered to produce the requested discovery materials.

## CONCLUSION

For the reasons set forth in Plaintiffs' opening brief and herein, Plaintiffs respectfully request that the Court grant their motion to compel Lupin's API samples and Lupin's related analytical and testing documents concerning those samples.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Plaintiffs Daiichi Sankyo,*
*Inc. and Genzyme Corporation*

OF COUNSEL:

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Preston K. Ratliff II
Anthony Michael
Isaac S. Ashkenazi
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Plaintiff Daiichi Sankyo, Inc.*

- 4 -

Scott K. Reed
Filko Prugo
Donald J. Curry
Brian D. O'Reilly
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY  10104
(212) 218-2100

*Attorneys for Plaintiff Genzyme Corporation*

October 24, 2011

4559858

### CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> POTTER ANDERSON & CORROON LLP
>
> Frederick L. Cottrell, III, Esquire
> Steven J. Fineman, Esquire
> RICHARDS, LAYTON & FINGER, P.A.

I further certify that I caused copies of the foregoing document to be served on October 31, 2011, upon the following in the manner indicated:

Richard L. Horwitz, Esquire                              *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19801
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

William A. Rakoczy, Esquire                              *VIA ELECTRONIC MAIL*
Paul J. Molino, Esquire
Deanne M. Mazzocki, Esquire
Tara Raghavan, Esquire
RAKOCZY MOLINE MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

Frederick L. Cottrell, III, Esquire
Steven J. Fineman, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Watson Pharmaceuticals, Inc.,*
*Watson Pharma, Inc. and Watson*
*Laboratories, Inc. (NV)*

*VIA ELECTRONIC MAI*

John L. North, Esquire
Jeffrey J. Toney, Esquire
Darcy L. Jones, Esquire
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1360 Peachtree Street, N.E.
Suite 1150
Atlanta, GA  30309
*Attorneys for Watson Pharmaceuticals, Inc.,*
*Watson Pharma, Inc. and Watson*
*Laboratories, Inc. (NV)*

*VIA ELECTRONIC MAIL*

Norman E.B. Minnear, Esquire
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY  10019
*Attorneys for Watson Pharmaceuticals, Inc.,*
*Watson Pharma, Inc. and Watson*
*Laboratories, Inc. (NV)*

*VIA ELECTRONIC MAIL*

/s/ Rodger D. Smith II

Rodger D. Smith II (#3778)